**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Victor Rawl as Personal Representative of the Estate of Vera Brown, Respondent,

v.

West Ashley Rehabilitation and Nursing Center - Charleston, SC, LLC d/b/a Heartland of West Ashley Rehab and Nursing Center, Appellant.

Appellate Case No. 2018-001142

———

Appeal From Charleston County
Diane Schafer Goodstein, Circuit Court Judge

———

Unpublished Opinion No. 2021-UP-091
Submitted February 1, 2021 – Filed March 17, 2021

———

**AFFIRMED**

———

Mary Agnes Hood Craig and Elloree A. Ganes, both of Hood Law Firm, LLC, and Jean Marie Jennings, all of Charleston, and Deborah Harrison Sheffield, of Columbia, all for Appellant.

Eric Marc Poulin and Stefan Bjorn Feidler, both of Anastopoulo Law Firm, LLC, and Roy T. Willey, IV, all of Charleston, for Respondent.

———

**PER CURIAM:**  Victor Rawl, as Personal Representative of the Estate of Vera Brown, filed this tort action[1] against West Ashley Rehabilitation and Nursing Center - Charleston, SC, LLC d/b/a Heartland of West Ashley Rehab and Nursing Center (Heartland).  Heartland appeals the circuit court's denial of its motion to dismiss and compel arbitration, arguing the court erred in finding the arbitration agreement unenforceable due to unconscionability.  We affirm.[2]

## II.    FACTS

Vera Brown was admitted to Heartland on August 25, 2014.  The circuit court found that at the time of her admission, Brown was transferred from the hospital to Heartland via ambulance with diagnoses including chronic kidney disease, anemia, dementia, urinary tract infection, upper respiratory disease, acute kidney failure, congestive heart failure, hypertension, weakness, and difficulty walking.  Upon her arrival, Brown executed an admission document and a Voluntary Arbitration Agreement (the Agreement).  In bold capital letters at the top of the document, the Agreement provided the following:

> The parties are waiving their right to a trial before a judge or jury of any dispute between them.  Please read carefully before signing.  The patient will receive services in this center whether or not this agreement is signed.  Arbitration is described in the Voluntary Arbitration Program brochure copy, attached and made part of this agreement.

Brown was allegedly admitted full code, meaning if she was found in cardiac arrest, every intervention would be attempted, including cardiopulmonary resuscitation (CPR).  Brown's daughter (Daughter) regularly visited Brown and

---

[1] Rawl alleged negligence, gross negligence, negligence per se, elder abuse, wrongful death, survival, and conversion.

[2] Because we affirm based on unconscionability, we need not address Heartland's remaining argument, which alleges the circuit court erred in finding a lack of consideration necessary to form a contract.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address an appellant's remaining issues when its determination of a prior issue is dispositive).

would have dinner afterwards at a restaurant across the street from Heartland. Four days after Brown's admission, Daughter received a telephone call while eating dinner at the restaurant. Daughter, a nurse, rushed to Heartland and found Brown unresponsive while several staff members "simply stood there at her bedside." Daughter started CPR and requested the staff get oxygen. Only empty oxygen canisters were in Brown's room at the time. When first responders arrived, Brown was unresponsive, and she was pronounced dead at the emergency room of the hospital due to anoxic brain injury and congestive heart failure.

Rawl, as the personal representative of Brown's estate, filed this action. Heartland answered and moved to compel arbitration and dismiss the complaint. Rawl responded in opposition, arguing the Agreement was unenforceable due to, *inter alia*, unconscionability. After a hearing, the circuit court denied Heartland's motion to dismiss and compel arbitration. This appeal follows.

## III.   REVIEW OF ARBITRATION AGREEMENTS

"Determinations of arbitrability are subject to de novo review, but if any evidence reasonably supports the circuit court's factual findings, this court will not overrule those findings." *Pearson v. Hilton Head Hosp.*, 400 S.C. 281, 286, 733 S.E.2d 597, 599 (Ct. App. 2012). "In deciding whether a valid, enforceable and irrevocable arbitration agreement exists, we apply general principles of state contract law." *Doe v. TCSC, LLC*, 430 S.C. 602, 611, 846 S.E.2d 874, 878 (Ct. App. 2020). "[T]he court, rather than an arbitrator, will decide 'gateway' issues related to arbitration, including whether the arbitration agreement is valid and enforceable and whether it covers the parties' dispute." *Id.* at 608, 846 S.E.2d at 877.

## IV.   LAW/ANALYSIS

Heartland argues the circuit court erred in finding the Agreement is unenforceable on the ground of unconscionability. We disagree.

The circuit court found the Agreement was unconscionable because the Agreement was oppressive and one-sided, and there was inherent disparity in bargaining power between the parties. The court noted the Agreement was presented to Brown upon her admission, when she was ill, "on a take-it-or[-]leave[-]it basis," without Brown's contribution to the drafting, and without the bargaining power to negotiate. The court found the Agreement "was inconspicuously buried in the admission paperwork and 'hastily' presented to Ms. Brown for her signature. This

is evident by the 'x's' where Ms. Brown was asked to print and sign her name and date. . . ."  The court also noted that although certain phrases in the Agreement were in bold, the clauses in their entirety were written in standard small print and embedded in paragraphs one through fourteen, which were drafted by the superior party.

Heartland argues the voluntary nature of the Agreement renders the circuit court's finding of unconscionability erroneous.  According to Heartland, because the Agreement was voluntary, it was not an adhesion contract and Brown "had a simple choice to simply refuse to sign the agreement without any adverse consequences."

"In South Carolina, unconscionability is defined as the absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms that are so oppressive that no reasonable person would make them and no fair and honest person would accept them." *Simpson v. MSA of Myrtle Beach, Inc.*, 373 S.C. 14, 24-25, 644 S.E.2d 663, 668 (2007).  The "[a]bsence of meaningful choice" requirement "speaks to the fundamental fairness of the bargaining process in the contract at issue." *Id.* at 25, 644 S.E.2d at 669.  Even if an arbitration clause is technically conspicuous, it may be improper if it is "sprung on [a consumer] along with a flurry of other" documents during a hasty transaction. *Doe*, 430 S.C. at 613–14, 846 S.E.2d at 879-80.  "Unconscionability is gauged at the time the contract was made." *Id.* at 612, 846 S.E.2d at 879.  The following should be taken into account by courts in determining unconscionability: "the nature of the injuries suffered by the plaintiff; whether the plaintiff is a substantial business concern; the relative disparity in the parties' bargaining power; the parties' relative sophistication; whether there is an element of surprise in the inclusion of the challenged clause; and the conspicuousness of the clause." *Id.* (quoting *Simpson*, 373 S.C. at 25, 644 S.E.2d at 669).

We agree with the circuit court that the Agreement was unconscionable.  The disparity in bargaining power, the manner in which the Agreement was presented to Brown, the parties' relative sophistication, and Brown's extremely compromised health at the time of her admission convince us the circuit court did not err in its finding of unconscionability.

**AFFIRMED.**[3]

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, THOMAS, and HILL, JJ., concur.**